James E. Svalberg and Gary E. Svalberg v. Commissioner.
Svalberg v. Commissioner
Docket No. 4553-67.
United States Tax Court
T.C. Memo 1969-94; 1969 Tax Ct. Memo LEXIS 200; 28 T.C.M. (CCH) 529; T.C.M. (RIA) 69094; May 14, 1969, Filed *200 Gordon G. Hawn, 18th Fl., Milam Bldg., San Antonio, Tex., for petitioners. Robert J. Curphy, for respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' income tax for 1962 and 1963 in the amounts of $396 and $660, respectively. Petitioners having conceded certain issues, the only question presented is whether petitioners provided more than one-half of the total support of Melody Ann and Steven Patrick Camp for 1962 and of Melody Ann, Steven Patrick, Terence T., Jr., and Deborah Ellen Camp for 1963. Findings of Fact During 1962 and 1963 James E. Svalberg and Gary E. Svalberg (hereinafter referred to as James and Gary, respectively) were husband and wife. At the time they filed their petition James resided in Houston, Texas, and Gary resided in San Antonio, Texas. They filed joint income tax returns for 1962 and 1963 with the district director of internal revenue at Austin, Texas. Melody Ann, Terence T., Jr., Deborah Ellen, and Steven Patrick Camp (hereinafter sometimes collectively referred to as the Camp children) are the children of Gary and her former husband, Terence T. Camp *201 (hereinafter Terence). Gary and Terence were divorced on November 23, 1954. The divorce decree awarded custody of the Camp children to Gary, and directed Terence to make monthly payments for their support to the Office of the Collector of Child Support, Fort Worth, Texas. On December 2, 1955, the divorce decree was amended to direct Terence to provide monthly payments of $140 ($35 per child) for the support of the Camp children. The divorce decree as amended was in effect during 1962 and 1963, except that on May 8, 1962, support payments in arrears as of December 31, 1961, were forgiven. Pursuant to the divorce decree, Terence paid $1,220 and $1,578.30 into the Office of the Collector of Child Support during 1962 and 1963; during 1962 he also paid $115 directly to Gary for child support. Petitioners were married on April 15, 1955. In December 1961, they moved from Lawton, Oklahoma, to San Antonio, Texas, leaving their furniture in storage. At that time, Gary left Melody, Deborah, and Steven with Terence in Fort Worth, Texas, because she did not have sufficient funds to support them; Terence, Jr., remained with her. This was a temporary arrangement, and there was no change in the *202 legal custody of the children. In January 1962, Melody, Deborah, and Steven returned to San Antonio to reside with Gary. From January 1962 until June 1962, Gary, James, the Camp children, and Jimmy Sue, petitioners' daughter, lived with Gary's mother in San Antonio. In June 1962, petitioners separated; Gary, the Camp children, and Jimmy Sue moved to Houston, Texas, where they lived in an apartment which Gary rented. In August 1962, petitioners were reconciled. Gary returned to San Antonio, and she and James purchased a residence where they, the Camp children, and Jimmy Sue resided for the remainder of 1962 and 1963, except that Terence, Jr., attended school in Austin, Texas, from September 1 through December 31, 1963. Petitioners paid expenses on behalf of the Camp children for food, clothing, cleaning and laundry, medical expenses, school expenses, haircuts, and similar items during the years 1962 and 1963. In the summers of 1962 and 1963, the Camp children visited Terence in Fort Worth, and he took them on a vacation during each visit. Terence and Gary had agreed that during the period when the Camp children visited Terence, he would not make the child support payments provided *203 by the divorce decree. During these visits Terence paid expenses on their behalf for food, recreation, and some clothing. In 1963 Terence purchased a new pair of glasses for Terence, Jr., and paid medical expenses on behalf of Melody Ann. During the summer of 1963, Melody Ann stayed at Terence's house an additional two weeks while recovering from a poison ivy infection. None of the Camp children had attained the age of 19 years as of December 31, 1963. The children had no gross income during 1962 and 1963, and did not contribute to their own support. During 1962 petitioners and Terence respectively provided the following items of support: 531 *10 Petitioners
Item
Melody
Steven
Lodging
$200.00
$200.00
Food
255.00
255.00
Clothing
47.15
47.15
Cleaning & Laundry
53.57
53.57
Medical expenses
53.57
53.57
School lunches
63.00
63.00
School transportation
20.00
20.00
School supplies
25.00
25.00
Haircuts, etc.
16.50
33.00
Contributions
13.00
13.00
Allowance
104.00
26.00
Gifts 50.00
50.00 $900.79
$839.29 *10 Terence
Item
Melody
Steven
Support payments
$333.75
$333.75
Vacation
32.50
32.50
Clothing
43.75
43.75
Food
25.00
25.00
Recreation 11.25
11.25 $446.25
$446.25
*204 During 1963 petitioners and Terence respectively provided items of support for the Camp children as follows: *10 Petitioners
Item
Melody
Terence, Jr.
Deborah
Steven
Lodging
$ 275.00
$ 275.00
$ 275.00
$275.00
Food
314.25
210.00
314.25
314.25
Clothing
47.15
47.15
47.15
47.15
Cleaning & Laundry
53.57
53.57
53.57
53.57
Medical expenses
163.57
93.57
53.57
53.57
School lunches
63.00
31.50
63.00
63.00
School transportation
45.00
71.50
22.50
22.50
School supplies
25.00
25.00
25.00
25.00
School tuition
400.00
Haircuts, etc.
36.00
33.00
36.00
33.00
Contributions
13.00
13.00
13.00
13.00
Allowances
104.00
104.00
52.00
26.00
Gifts 75.00
50.00
50.00
50.00 $1,214.54
$1,407.29
$1,005.04
$976.04 *10 Terence
Item
Melody
Terence, Jr.
Deborah
Steven
Support payments
$ 394.58
$ 394.58
$ 394.58
$ 394.58
Vacation
50.00
50.00
50.00
50.00
Food
47.50
22.50
22.50
22.50
Recreation
6.25
6.25
6.25
6.25
Clothing
27.50
27.50
27.50
27.50
Medical expense 90.50
22.00 $ 616.33
$ 522.83
$ 500.83
$500.83 On their returns for 1962 and 1963, petitioners *205 claimed dependency exemption deductions for, among others, the Camp children. In the notice of deficiency, respondent disallowed petitioners' claimed deductions for Melody and Steven Camp for 1962, and for all the Camp children for 1963. Ultimate Finding of Fact Petitioners provided more than one-half of the total support of Melody and Steven Camp in 1962, and of Melody, Steven, Terence, Jr., and Deborah Camp for 1963. Opinion The issue presented here is purely factual. On consideration of the whole record, [1] as reflected in our findings, we have concluded that petitioners, James and Gary, furnished more than one-half of the total cost of the support of Melody and Steven Camp in 1962, and of all the Camp children in 1963. Consequently, they are entitled to the claimed dependency exemption deductions for these years. Respondent has conceded the correctness of these conclusions. For a discussion of the contentions of Terence T. Camp and his wife, Alyne V. Camp, with respect to their claims to dependency exemption deductions for Melody and Steven for the years 1962 and 1963, see our opinion in Terence T. Camp, T.C. Memo. 1969-93. *206 Decision will be entered under Rule 50. 532 Footnotes
1. The parties stipulated that the trial record in this proceeding would include the evidence presented in Terence T. Camp and Alyne V. Camp, Docket Nos. 2562-66 and 3487-66.↩